UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GILLMAN RODDY LONG, a/k/a Dave Gillman Long,<br><br>  Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | 5:14-CV-05022-KES<br><br>ORDER DENYING MOTION TO VOID JUDGMENT |

Petitioner, Gillman Roddy Long, moves the court under Federal Rule of Civil Procedure 60(b)(4) to void this court's prior judgment. Docket 48. The United States opposes the motion. Docket 49. For the following reasons, the court denies Long's motion.

**BACKGROUND**

Long was indicted in the United States District Court for the District of South Dakota, Western Division, on July 21, 2009. Cr. Docket 4.[1] The case was tried to a jury, and Long was found guilty of two counts of Aggravated Sexual Abuse and not guilty on one count of Aggravated Sexual Abuse. Cr. Docket 212. Long was represented at trial by Monica Colbath. Cr. Docket 47.

After Long was found guilty, he moved to vacate the judgment and requested a new trial. Cr. Docket 273. The court held that the government's

---

[1] Within this opinion, the court cites to documents in Long's civil habeas case by citing the court's docket number. The court will cite to "Cr." when citing to documents filed in Long's criminal case found at 5:09-CR-50051-KES.

use of Long's statement did not violate his Fifth Amendment rights because he had not been arrested and was under no compulsion to speak. Cr. Docket 287 at 15. Therefore, Colbath could not be ineffective in her failure to object to the government's use of the statement. *Id.* The court also found that Long could not show prejudice because overwhelming evidence supported his guilt, and he could not prove Colbath's actions were not sound trial strategy. *Id.* at 23. The court denied Long's motion. *Id.* Long was sentenced to life imprisonment. Cr. Docket 290. Long's conviction was affirmed by the Eighth Circuit Court of Appeals. *See United States v. Long*, 721 F.3d 920, 927 (8th Cir. 2013).

Long then filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Docket 1. His petition asserted multiple grounds for relief. The district court denied him relief and granted the government's motion to dismiss. Docket 32. The Eighth Circuit Court of Appeals affirmed this dismissal. Docket 42. Long filed a petition for a writ of certiorari to the United States Supreme Court. Docket 46. It was denied. Docket 47. Long now moves under Rule 60(b)(4) to void the judgment of dismissal and claims that one of the issues in his initial § 2255 petition was not addressed by the courts and as a result, the order dismissing his § 2255 petition is void. Docket 48.

## LEGAL STANDARD

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows reopening of a case when the movant shows that "the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). When dealing with a purported Rule 60(b) motion after the dismissal of a habeas petition, the district court should:

>conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

A motion under Rule 60(b)(4) in a § 2255 case should not "be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's [prior] conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). But when the Rule 60(b) motion "attacks the federal court's previous resolution of a claim *on the merits*," it should be considered a second or successive § 2255 petition. *Id.* at 532. (emphasis in original).

## DISCUSSION

Long argues that his initial § 2255 petition alleged multiple claims and the court failed to address the third claim. Docket 48. He states that his third claim alleged that his attorney provided ineffective assistance of counsel because she failed to object to that portion of the government's closing argument where the prosecutor argued that Long "had not denied the accusations against him." *Id.* at 11. Long claims this was not addressed by the district court or the Eighth Circuit Court of Appeals. *Id.* at 8. Because this issue was not addressed by the courts, Long alleges that this is a true Rule

3

60(b)(4) motion that should not be construed as a successive § 2255 petition. *Id.* at 9-10. The government disagrees and contends that this resolution of this claim would be a decision on the merits and as a result, must be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Docket 49 at 5-6. Additionally, the government claims that the district court in fact did resolve the issue. *Id.* at 6-7.

First, the court will consider whether the alleged failure of the district court and the Court of Appeals to adjudicate Long's third claim amounts to a defect in the integrity of the prior § 2255 proceeding. The Eighth Circuit has held that "[a] Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). "For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a [federal] court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.' " *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532). The term " '[o]n the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief[.]' " *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4). When a claim is presented in a Rule 60(b) motion, the motion "must be treated as a second or successive habeas petition under AEDPA." *Id.*

Here, Long is raising a claim of ineffective assistance of counsel based on his trial counsel's alleged failure to object during closing argument. Docket 48.

4

This claim asserts a federal basis for relief from his judgment of conviction. In essence, he is attacking the prior resolution of his § 2255 proceeding that was decided on the merits. This is not an instance where his case was decided based on a procedural rule such as the statute of limitations. Instead, it was a merits-based decision. Thus, this Rule 60(b)(4) motion must be treated as a second or successive habeas petition under the AEDPA.

Second, the court will consider whether this issue in fact was previously addressed by the district court. In its Order Granting Motion to Dismiss, this court stated that "Colbath did object to the government stating in its closing argument that Long did not say 'I didn't do it.' " Docket 32 at 3. After reviewing the entire record of the trial proceedings, the court concluded that "Long has not established that his trial counsel's performance was deficient when she did not move to suppress the evidence, object at trial, or object during closing arguments." *Id.* at 14. Thus, the court did consider any alleged errors in the closing argument and found that the trial counsel's performance did not constitute ineffective assistance of counsel. Additionally, a review of the trial transcript supports the trial court's conclusion that Colbath did object to the "I didn't do it" statement. Immediately after the prosecutor states "He sure didn't say, 'I didn't do it,' " the defense attorney states "I'm going to object, Your Honor. He did." Cr. 296 at 87-88. The court then admonished the jury to rely on their recollection of the evidence to determine what the evidence in fact showed. *Id.* at 88. Because the issue has already been addressed on the merits, Long's motion here is a reassertion of a prior claim and under *Gonzalez*, Long

5

needs to obtain authorization from the court of appeals to pursue this claim in the district court.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the court finds that Long has not made a substantial showing of the denial of a constitutional right.

## CONCLUSION

As discussed previously, Long has failed to establish that he is entitled to relief. Thus,

IT IS ORDERED that

1. Long's Rule 60(b)(4) motion to vacate (Docket 48) is denied.

2. A certificate of appealability is denied.

Dated December 27, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE