UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GILLMAN RODDY LONG, *also known as* Dave Gillman Long, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | 5:14-CV-05022-KES ORDER DENYING PETITIONER'S RULE 60(b) MOTION |

Petitioner, Gillman Roddy Long, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2255 raising several grounds for relief. *See* Docket 1. On May 19, 2016, after briefing by both parties, the court dismissed Long's petition. Docket 32 at 20. On August 5, 2019, Long moved under Federal Rule of Civil Procedure 60(b)(4) to void this court's prior judgment. Docket 48. On December 27, 2019, this court denied Long's motion, Docket 53, and entered judgment against Long, Docket 54. On February 24, 2025, Long moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Docket 68. For the following reasons, the court denies Long's motion.

**BACKGROUND**

Long was indicted in the United States District Court for the District of South Dakota, Western Division, on July 21, 2009. CR Docket 4.1.[1] Following a jury trial, Long was found guilty of two counts of Aggravated Sexual Abuse and not guilty on one count of Aggravated Sexual Abuse. CR Docket 212.

---

[1] The court cites to documents in Long's civil habeas case by citing the court's docket number. The court will cite to "CR" when citing to documents filed in Long's criminal case found at 5:09-CR-50051-KES.

After Long was found guilty, he moved to vacate the judgment and requested a new trial. CR Docket 273. The court held that the government's use of Long's "incriminate myself" statement did not violate his Fifth Amendment rights because he had not been arrested and was under no compulsion to speak. CR Docket 287 at 15. Therefore, Long's trial counsel could not be ineffective in her failure to object to the government's use of the statement. *Id.* The court also found that Long could not show prejudice because overwhelming evidence supported his guilt, and he could not prove his trial counsel's actions were not sound trial strategy. *Id.* at 23. Thus, the court denied Long's motion. *Id.* Long was sentenced to life imprisonment. CR Docket 290. Long's conviction was affirmed by the Eighth Circuit Court of Appeals. *See United States v. Long*, 721 F.3d 920, 927 (8th Cir. 2013).

On April 1, 2014, Long filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Docket 1. The district court denied his petition and granted the government's motion to dismiss. Docket 32. The Eighth Circuit Court of Appeals affirmed this dismissal, Docket 42, and Long's petition for a writ of certiorari to the United States Supreme Court was also denied, Docket 46; Docket 47. On August 5, 2019, Long moved under Federal Rule of Civil Procedure 60(b)(4) to void this court's prior judgment. Docket 48. On December 27, 2019, this court denied Long's motion, Docket 53, and the Eighth Circuit later denied Long's application for a certificate of appealability of that order, Docket 64. On February 24, 2025, Long moved for relief from judgment under Rule 60(b)(6). Docket 68.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available only in "extraordinary circumstances" that "rarely occur in the habeas context." *Buck v. Davis*, 580 U.S. 100, 112-13 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Before a court determines whether extraordinary circumstances exist under Rule 60(b)(6), the court must consider whether the petitioner filed his Rule 60(b) motion "within a reasonable time . . . after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question." *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999).

In the habeas context, a Rule 60(b) motion may "proceed as denominated" depending on the nature of the relief the motion seeks. *See Gonzalez*, 545 U.S. at 532-33. When a petitioner attempts to couch substantive claims in a Rule 60(b) motion that assert a "federal basis for relief from a state court's judgment of conviction" or attack the "federal court's previous resolution of a claim on the merits," the court must treat the Rule 60(b) motion as a second or successive habeas corpus application.[2] *Id.* at 530, 532 (emphasis omitted). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. Though labeled a Rule 60(b) motion, if it contains one or more claims, it is in

---

[2] While the analysis under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), arose in the § 2254 context, *see Gonzalez*, 545 U.S. at 533-35, the analysis has also been applied to cases arising under § 2255, *see, e.g.*, *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018).

3

substance a successive federal habeas petition, and the district court is without jurisdiction to rule on the motion unless the court of appeals authorizes a second or successive petition. *See id.* at 531; 28 U.S.C. § 2244(b)(3)(A).

Conversely, "[n]o claim is presented if the motion attacks 'some defect in the integrity of the federal habeas proceedings.' " *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 532). "[A] motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.' " *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4); *see also Gonzalez*, 545 U.S. at 538 (holding that, in the habeas context, a proper Rule 60(b) motion is one "that challenges only the District Court's failure to reach the merits"). "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction," the Rule 60(b) motion can "proceed as denominated." *Gonzalez*, 545 U.S. at 533.

In his Rule 60(b) motion, Long asserts that his trial counsel's "abandonment" following his trial constitutes ineffective assistance because Long was unable to file a motion for a new trial within 14 days of the jury's guilty verdict. Docket 68 at 32. Long argues that because his trial counsel "abandoned [him] at a critical stage," this constitutes an "extraordinary circumstance," warranting relief under Rule 60(b)(6). *See id.* at 24, 32.

## I.    Successive Habeas Petition

Long's motion asserts that a federal basis for relief exists because his trial attorney's abandonment following his trial constitutes constitutionally ineffective

4

assistance. *See id.* But an allegation of ineffective assistance of counsel is one that contains a "claim." *See Ward*, 577 F.3d at 932 ("Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel."). "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under [the Antiterrorism and Effective Death Penalty Act]." *Id.* at 933. Because Long's motion contains a claim, it qualifies as a successive habeas petition.

District courts cannot consider a successive habeas petition unless the court of appeals first decides the petition raises a new claim that satisfies the requirements of § 2244(b)(2)—either by presenting a new rule of law or by showing actual innocence, as outlined in § 2244(b)(3). *Gonzalez*, 545 U.S. at 530. The record shows that Long has not obtained permission from the Eighth Circuit to file a successive habeas petition. As such, the court must deny Long's motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## II.    Untimely Rule 60(b) Motion

Even if Long's Rule 60(b) motion is liberally construed as challenging only the district court's failure to reach the merits and can therefore "proceed as denominated," *Gonzalez*, 545 U.S. at 533, Long's Rule 60(b) motion is untimely because he did not file the motion within a reasonable time after the court entered

judgment. In general, the limitations period for a motion to vacate the judgment under Rule 60(b) begins once the district court has entered judgment in the matter. *See Jones v. Swanson*, 241 F.R.D. 625, 628 (D.S.D. 2007). "The clock is not tolled during the pendency of an appeal of the judgment because Rule 60(b) motions can be made even though an appeal has been taken and is pending." *Id.* (citations omitted). Here, the court entered judgment in favor of the United States and against Long on December 27, 2019. Docket 54. But Long did not file his Rule 60(b) motion until February 24, 2025—over five years after judgment was entered. Docket 68. Long does not explain why it took him so long to file the motion, and the court can discern no mitigating circumstances that would justify the delay. *See Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (analyzing whether mitigating circumstances existed to render the delay reasonable after determining petitioner's Rule 60(b) motion was untimely).

Long's five-year delay makes his Rule 60(b)(6) motion untimely. Indeed, several courts have concluded as much with similar or even shorter delays. *See In re Paredes*, 587 F. App'x 805, 824-25 (5th Cir. 2014) (per curiam) (affirming district court's holding that 17-month delay was unreasonable); *Wessinger v. Vannoy*, 2019 WL 6918226, at *16-17 (M.D. La. Dec. 19, 2019) (17-month delay deemed untimely); *Adams v. Hedgpeth*, 2014 WL 1795167, at *2 (C.D. Cal. Apr. 9, 2014) (collecting cases and stating that "[d]istrict courts have found a delay of even 14 or 15 months before seeking relief from a judgment dismissing a habeas petition was unreasonable"); *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) (holding district court did not abuse its discretion in concluding that an eight-month delay was not a reasonable time to file Rule 60(b)(6) motion);

6

*Tredway v. Parke*, 1996 WL 117182, at *1 (7th Cir. Mar. 14, 1996) (affirming five-month delay as untimely). Because Long's Rule 60(b) motion was untimely, the court is without jurisdiction to entertain it. *See Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 373 (8th Cir. 1993).

## CONCLUSION

Thus, it is

ORDERED that Long's motion for relief from judgment (Docket 68) is denied.

Dated January 22, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE