UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GILLMAN RODDY LONG, *also known as* Dave Gillman Long, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | 5:14-CV-05022-KES ORDER DENYING CERTIFICATE OF APPEALABILITY |

On February 23, 2026, the Eighth Circuit Court of Appeals remanded petitioner Gillman Roddy Long's appeal and ordered this court to determine whether to grant a certificate of appealability. *See* Docket 71. A federal prisoner filing a motion under 28 U.S.C. § 2255 "has no absolute entitlement to appeal a district court's denial of his [motion]." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *see* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from— . . . the final order in a proceeding under section 2255."). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Miller-El*, 537 U.S. at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Long has failed to make a substantial showing that his constitutional rights were denied. Reasonable jurists would not debate the court's ruling that Long's Rule 60(b) motion asserted a substantive claim—namely, that his trial counsel's alleged abandonment constituted ineffective assistance of counsel. Under *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009), a Rule 60(b) motion that presents a "claim" must be treated as a second or successive habeas petition under AEDPA. Because Long's motion sought to assert or reassert a substantive ineffective-assistance claim, the court correctly characterized it as a successive petition.

The governing precedent makes clear that Rule 60(b) motions asserting substantive ineffective-assistance claims are treated as successive petitions, and absent appellate authorization, the district court has no authority to consider them. Because the court's ruling, *see* Docket 69, is not debatable among reasonable jurists, Long cannot satisfy the standard set forth in *Slack*. As such, a certificate of appealability is denied.

Thus, it is

ORDERED that a certificate of appealability is denied.

Dated February 24, 2026.

                                                      BY THE COURT:

                                                      /s/ *Karen E. Schreier*
                                                      KAREN E. SCHREIER
                                                      UNITED STATES DISTRICT JUDGE